AMAR L. THAKUR, CAL. BAR NO. 194025
BENI SURPIN, CAL. BAR NO. 216386
JON E. MAKI, CAL. BAR NO. 199958
JOSHUA G. GIGGER, CAL. BAR NO. 234508
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
        bsurpin@sheppardmullin.com
        jmaki@sheppardmullin.com
        jgigger@sheppardmullin.com

NICOLE M. LEE, Cal. Bar No. 222344
NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: nlee@sheppardmullin.com
        nbruno@sheppardmullin.com

Attorneys for Plaintiffs
InfoVista S.A. and InfoVista Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOVISTA S.A., a foreign corporation, and INFOVISTA CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INFOVISTA TECHNOLOGY, INC., a California corporation, and DOES 1-10, inclusive;<br><br>Defendants. | CASE NO. 07-0283 SBA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Honorable Sandra B. Armstrong |

1    **IT IS HEREBY STIPULATED AND AGREED,** by and among counsel for the

2    parties, subject to the approval of the Court, that the following Stipulated Protective Order

3    shall govern the designation, disclosure, and use of information, documents, or things

4    produced or exchanged during discovery in this matter.

5          1.    This Stipulated Protective Order ("Order") shall be applicable to and

6    govern all documents or other materials exchanged, produced or disclosed during

7    discovery in this matter.

8          2.    As used in this Order, "document" means the originals and any copies

9    of any written, printed, typed, graphical or otherwise recorded matter, however produced

10   or reproduced, of every kind and description, in whatever form (e.g., final and draft

11   versions), including, but not limited to, all writings, email, diaries, notes, journals,

12   photographs, video or audio tapes or recordings, computer generated documents, computer

13   disks or data tapes, any deposition or hearing transcript, exhibit, declaration, affidavit,

14   pleading, motion, interrogatory answers, responses to requests for admissions or any other

15   tangible things, or any portion of any of the above. The term "document" also means

16   originals and copies of all of the above which contain notations in writing, print or

17   otherwise that do not appear on the originals or on other copies.

18         3.    Any party (the "Producing Party") may designate any document or

19   materials produced by the Producing Party or a third party in this action which the

20   Producing Party considers in good faith to contain the Producing Party's confidential

21   technical, financial, or other proprietary information as confidential information

22   (**"Confidential Information"**) subject to the terms of this Order by stamping such

23   document **"CONFIDENTIAL."** The parties will use due care to designate as

24   **"CONFIDENTIAL"** only documents or other materials that truly encompass such

25   information. The parties may make such a designation at the time such documents, or

26   copies thereof, are delivered to the other party ("Receiving Party"), or promptly after

27   discovery that such labeling or marking is inadvertently omitted. If a Producing Party

28   discovers that it inadvertently omitted such labeling or marking, it shall promptly notify

-1-

1  the Receiving Party in writing, accompanied by substitute copies of each item,

2  appropriately marked as **"CONFIDENTIAL."**

3      4.  The Producing Party may designate any documents or materials

4  produced by that party or a third party in this action which the Producing Party considers

5  in good faith to contain the Producing Party's highly sensitive confidential technical,

6  financial, or other proprietary information as restricted confidential information

7  (**"Restricted Confidential Information"**) subject to the terms of this Order by stamping

8  such document **"CONFIDENTIAL: ATTORNEYS EYES ONLY."** The parties will

9  use due care to designate as **"CONFIDENTIAL: ATTORNEYS EYES ONLY"** only

10  documents or other materials that truly encompass such information.  The parties may

11  make such a designation at the time such documents, or copies thereof, are delivered to the

12  Receiving Party, or promptly after discovery that such labeling or marking is inadvertently

13  omitted.  If the Producing Party discovers that it inadvertently omitted such labeling or

14  marking, it shall promptly notify the Receiving Party in writing, accompanied by substitute

15  copies of each item, appropriately marked as **"CONFIDENTIAL: ATTORNEYS EYES**

16  **ONLY."**

17      5.  Confidential Information and Restricted Confidential Information

18  does not include any documents or materials that are: (i) generally known to those in the

19  industry prior to any disclosure hereunder, (ii) generally known to those in the industry

20  without breach of this Order; (iii) approved for release by written authorization of the party

21  who owns the documents or materials; (iv) disclosed to the Receiving Party by a third

22  party lawfully possessing such documents or materials and under no obligation of

23  confidentiality; (v) developed independently by the Receiving Party or any employees or

24  designated agents thereof independently and without any use whatsoever of information

25  received by the Receiving Party under this Order or (vi) (a) advertising materials, (b)

26  materials that on their face show that they have been published to the general public, or (c)

27  documents that have been submitted to any governmental entity without request for

28  statutory entitlement to confidential treatment.

-2-

6.      By receiving any documents or materials designated as Confidential

Information or Restricted Confidential Information, the Receiving Party agrees (a) not to

disclose, publish, disseminate or use (other than as expressly permitted herein) any such

documents or materials, and (b) to make all reasonable efforts to prevent any unauthorized

use, disclosure, publication or dissemination of such documents or materials.

7.      Any document that has been designated as Confidential Information

in accordance with Paragraph 3 above, and any information in such document, shall not be

disclosed to any person or entity by non-designating counsel, except disclosure may be

made to:

a.      Two in-house counsel for the parties, provided that each such

counsel is involved in the prosecution or defense of this action and has the need to see such

Confidential Information in the prosecution or defense of this action.  Each party shall

identify the designated in-house counsel to the other party before granting such access;

b.      Outside counsel retained by the parties for purposes of

prosecuting or defending this matter, and their employees;

c.      Graphics or design services retained by counsel for a party for

purposes of preparing demonstrative or other exhibits for depositions, hearings, or other

proceedings in this action, and outside copy service personnel retained for purposes of

producing copies of Confidential Information to be used in this action;

d.      Any witness where at least one of the following conditions

applies:

i.      The witness is a current employee of the Producing Party;

ii.      The witness's name appears on the Confidential

Information as a person who has previously seen or had

access to the Confidential Information;

iii.      The Producing Party has consented on the record to the

showing of the Confidential Information to the witness; or

iv.      The party wishing to show the witness the Confidential

-3-

1    Information notifies the Producing Party of that desire,

2    with a specific listing of the Confidential Information to

3    be shown, and the Producing Party consents in writing to

4    such showing, which consent will not be unreasonably

5    withheld.  If, however, such consent in writing is not

6    received, such Confidential Information may not be

7    shown to the witness until and unless the party wishing to

8    show the Confidential Information to the witness moves

9    for and obtains appropriate relief from the Court upon

10   good cause shown.

11       Witnesses being shown Confidential Information under subparagraphs i, ii, iii or iv

12   shall not be allowed to retain copies of the documents.  However, a witness who was

13   shown documents during a deposition may review the documents while reviewing his or

14   her transcript, provided that no documents are retained by the witness after he or she has

15   completed his or her review of the transcript for accuracy.

16       e.       Outside consultants or experts retained to assist counsel in this

17   action, provided that (a) such consultants or experts have signed an acknowledgment as set

18   forth in Paragraph 10 below, and (b) such consultants or experts are identified to the

19   opposing party no less than ten (10) business days prior to a proposed disclosure, with full

20   identification of the proposed consultant or expert to whom the Confidential Information is

21   to be disclosed, including the identity, address and telephone number of the proposed

22   consultant or expert, curriculum vitae of the proposed consultant or expert, a list of all

23   publications by the proposed consultant or expert for the past ten (10) years, the

24   relationship, if any, of the proposed consultant or expert to any party or witness in the

25   lawsuit, and a list identifying all lawsuits in which the proposed consultant or expert was

26   involved in any capacity for the past ten (10) years, with the additional proviso that, if

27   within that ten (10) business day period, an objection is stated to such disclosure, no such

28

W02-WEST:6JEM1\400387115.1

07-0283 SBA
STIPULATED PROTECTIVE ORDER.

1 disclosure will be made without approval of the Court; and

2           f.      The Court, including personnel of the United States District

3 Court, and court reporters.

4         8.     Any document that has been or will be designated as Restricted

5 Confidential Information in accordance with Paragraph 4 above, and any information in

6 such documents, shall not be disclosed to any person by non-designating counsel, except

7 that disclosure may be made to:

8           a.      Outside counsel retained by the parties for purposes of

9 prosecuting or defending this matter, and their employees;

10           b.      Graphics or design services retained by counsel for a party for

11 purposes of preparing demonstrative or other exhibits for depositions, hearings, or other

12 proceedings in this action, and outside copy service personnel retained for purposes of

13 producing copies of documents to be used in this action;

14           c.      Any witness where at least one of the following conditions

15 applies:

16                i.      The witness is a current employee of the Producing Party;

17               ii.      The witness's name appears on the Restricted Confidential

18                        Information as a person who has previously seen or had

19                        access to the Restricted Confidential Information;

20              iii.      The Producing Party has consented on the record to the

21                        showing of the Restricted Confidential Information to the

22                        witness; or

23              iv.      The party wishing to show the witness the Restricted

24                        Confidential Information notifies the Producing Party of

25                        that desire, with a specific listing of the Restricted

26                        Confidential Information to be shown, and the Producing

27                        Party consents in writing to such showing, which consent

28                        will not be unreasonably withheld.  If, however, such

-5-

consent in writing is not received, such Restricted
Confidential Information may not be shown to the witness
until and unless the party wishing to show the Restricted
Confidential Information to the witness moves for and
obtains appropriate relief from the Court upon good cause
shown.

Witnesses being shown Restricted Confidential Information under subparagraphs i, ii, iii and iv shall not be allowed to retain copies of the documents.  However, a witness who was shown documents during a deposition may review the documents while reviewing his or her transcript, provided that no documents are retained by the witness after he or she has completed his or her review of the transcript for accuracy.

d.      Outside consultants or experts retained to assist counsel in this action, provided that (a) such consultants or experts have signed an acknowledgment as set forth in Paragraph 10 below, and (b) such consultants or experts are identified to the opposing party no less than ten (10) business days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Information is to be disclosed, including the identity, address and telephone number of the proposed consultant or expert, curriculum vitae of the proposed consultant or expert, a list of all publications by the proposed consultant or expert for the past ten (10) years, the relationship, if any, of the proposed consultant or expert to any party or witness in the lawsuit, and a list identifying all lawsuits in which the proposed consultant or expert was involved in any capacity for the past ten (10) years, with the proviso that, if within that ten (10) business day period, an objection is stated to such disclosure, no such disclosure will be made without prior approval of the Court; and

e.      The Court, including personnel of the United States District Court, and court reporters.

9.      All Confidential Information and Restricted Confidential Information

-6-

1    produced, disclosed or exchanged in the course of this matter shall be used by the

2    Receiving Party or disclosed solely for the purpose of this action, and for no other purpose.

3    Any party who receives Confidential Information or Restricted Confidential Information

4    from another party may only use such information in accordance with the terms of this

5    Order.

6          10.    In no event shall any Confidential Information or Restricted

7    Confidential Information be disclosed to any person identified in Paragraphs 7.a, 7.e, and

8    8.d above, until such person has executed a written acknowledgment agreeing to be bound

9    by the terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment").

10   Copies of the Acknowledgment shall be promptly served on the Producing Party.

11         11.    If any party wishes to object to the disclosure of Confidential

12   Information or Restricted Confidential Information to any outside consultants or experts

13   retained to assist opposing counsel in this action, the party shall make its objection in

14   writing to the proposing party within ten (10) business days of receipt of that notice.  If the

15   parties are unable to resolve any such objection, they may submit the issue for

16   determination by the Court, but in any case no Confidential Information or Restricted

17   Confidential Information shall be disclosed to any such proposed consultant or expert

18   unless and until any such written objection has been resolved and confirmed in some

19   further writing.

20         12.    In the event that any question is asked at a deposition that calls for the

21   disclosure of Confidential Information or Restricted Confidential Information, the witness

22   shall nevertheless answer such question unless otherwise instructed not to do so on

23   grounds of privilege, provided that the only persons in attendance at the deposition are

24   persons who are qualified to receive Confidential Information or Restricted Confidential

25   Information, as applicable, pursuant to the terms of this Order.  Counsel for the party

26   claiming confidentiality may designate portions of the deposition testimony as

27   Confidential Information or Restricted Confidential Information, provided that: (a) counsel

28   for the party identifies such testimony on the record at the deposition; or (b) within five (5)

-7-

1  business days after receipt of the deposition transcript, counsel for the party claiming

2  confidentiality notifies counsel for other parties of the designation in writing.  All

3  transcripts of depositions shall be treated as Restricted Confidential Information until five

4  (5) business days after receipt thereof by counsel for the parties or counsel for the witness.

5        13.     Neither Confidential Information nor Restricted Confidential

6  Information shall be filed with the Court unless required by Court rule or in connection

7  with motions or applications submitted to the Court.  Such Confidential Information or

8  Restricted Confidential Information, and any documents containing or referring to either

9  (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and

10 affirmations), if filed, shall be filed under seal.

11       14.     When Confidential Information or Restricted Confidential

12 Information is incorporated in a deposition, hearing or other proceeding transcript, the

13 party designating the Confidential Information or Restricted Confidential Information shall

14 make arrangements with the court reporter not to disclose any such information except in

15 accordance with the terms of this Order, to label each page of the transcript containing

16 Confidential or Restricted Confidential Information with an appropriate legend, and to

17 place the following notice on the caption page of the transcript:

18

19                          RESTRICTED

20       This document contains information designated by [party] as
         [confidentiality designation], and may not be examined except
         in accordance with the Stipulated Protective Order issued in

21       this case on _____, 2007.

22 As to non-original copies of the transcript and/or exhibits containing Confidential

23 Information or Restricted Confidential Information, they should also be labeled on each

24 page and on the cover with an appropriate legend, and maintained in accordance with their
   respective designations.

25       15.     A party may request disclosure of Confidential Information or

26 Restricted Confidential Information to any person other than those permitted access to

27 such information pursuant to the terms of this Order.  The party shall serve a written

28

-8-

1  request to the designating party, stating the name of the person to whom disclosure would

2  be made, the employment background and affiliation of the person to whom disclosure

3  would be made, the reasons for disclosure, and the information to be disclosed. The

4  Producing Party shall not unreasonably withhold its consent. If, however, within 5 days

5  following service of said request, the Producing Party objects in writing to the proposed

6  disclosure, no disclosure shall be made absent a motion by the party requesting disclosure

7  and an order of the Court on good cause shown. Any disclosure pursuant to this

8  paragraph, either as agreed to by the Producing Party or ordered by the Court, shall be

9  made only upon compliance with the terms of Paragraph 10 of this Order.

10      16.   Nothing in this Order shall preclude a party from disclosing or using

11  the party's own information or documents which the party itself has designated as

12  Confidential Information or Restricted Confidential Information. Such disclosure shall not

13  waive the protection of this Order and shall not entitle other parties or their attorneys to

14  disclose such information or documents in violation of this Order.

15      17.   This Order shall apply to the parties and any non-party from whom

16  discovery may be sought and who desires protection of this Order.

17      18.   Nothing in this Order shall prevent a party receiving a document

18  designated Confidential Information or Restricted Confidential Information from seeking a

19  further order of the Court declaring that such a document shall not be subject to the

20  provisions of this Order. At any time after the delivery of Confidential Information or

21  Restricted Confidential Information, counsel for the Receiving Party may challenge the

22  Confidential or Restricted Confidential designation of all or any portion thereof by

23  providing written notice thereof to counsel for the Producing Party. If the parties are

24  unable to agree as to whether the confidential designation of the documents or information

25  is appropriate, then the Receiving Party may seek a further order of the Court declaring

26  that such a document shall not be subject to the provisions of this Order. The Producing

27  Party shall have the burden of establishing that the documents are entitled to Confidential

28  or Restricted Confidential treatment. Upon motion of any party to this action, and upon

-9-

1    good cause shown, the Court may make any order that justice requires for the prevention

2    and protection from oppression or undue burden or any unnecessary expense, due to

3    unreasonable use of the right to designate documents as Confidential Information or

4    Restricted Confidential Information.

5            19.    Failure to oppose the designation of documents as Confidential

6    Information or Restricted Confidential Information shall not constitute an admission or

7    concession by the non-designating party that the document or the information therein is

8    confidential or is legally protectible intellectual or proprietary property or trade secrets.

9            20.    If information subject to a claim of attorney-client privilege or work

10   product immunity is inadvertently produced in response to document demands, such

11   production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to,

12   any claim of privilege or work product immunity for such information.  If a party claims

13   that it has inadvertently produced material subject to a claim of immunity or privilege, then

14   promptly following that party's written request identifying the material for which a claim

15   of inadvertent production is made, the receiving party shall take prompt steps to ensure

16   that all known copies of such information or material are returned promptly to the

17   producing party or destroyed promptly if they bear privileged or work-product immunity

18   annotations.  The party returning such information may move for an order compelling

19   production of such information, but the motion shall not assert as a ground for production

20   the fact or circumstances of the inadvertent production.

21           21.    Nothing in this Order shall prevent a party from seeking any change

22   or modification in this Order.

23           22.    After termination of this litigation, the provisions of this Order shall

24   continue to be binding, except with respect to those documents and materials that become

25   a matter of public record.  This Court retains and shall have continuing jurisdiction over

26   the parties and recipients of the Confidential and Restricted Confidential Information for

27   enforcement of the provisions of this Order following termination of this litigation.  Within

28   sixty (60) days after a termination of this action whether by final adjudication, settlement,

-10-

1   or exhaustion of appeals, any and all copies of the disclosing party's Confidential

2   Information or Restricted Confidential Information in the actual or constructive custody or

3   possession of the receiving party shall be destroyed or returned to the disclosing party. All

4   parties or persons that received Confidential Information or Restricted Confidential

5   Information shall certify its compliance with this section and shall deliver same to counsel

6   for the person that produced such Information not more than sixty (60) days after the final

7   conclusion of this action. Notwithstanding the foregoing, counsel for any party receiving

8   Confidential Information or Restricted Confidential Information may retain an archival

9   copy of extracts or summaries thereof or documents containing information taken

10   therefrom.

11        23.    This Order shall be without prejudice to the right of any party to

12   oppose production of any information or object to its admissibility into evidence based on

13   lack of timeliness, relevance, assertion of privilege, undue burden or any other lawful

14   ground.

15

16   Dated: August 16, 2007            OWEN, WICKERSHAM & ERICKSON, P.C.

17

18   _____

19   Lawrence G. Townsend
                         Alica Del Valle

20                            Attorneys for Infovista Technology, Inc.

21

22   Dated: August 14, 2007            SHEPPARD, MULLIN, RICHTER &
                         HAMPTON LLP

23

24   _____

25   Amar L. Thakur
                         Beni Surpin

26                            Jon E. Maki
                         Joshua G. Gigger

27

28                            Attorneys for InfoVista S.A. and InfoVista
                         Corporation

-11-

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ___September 4___ , 2007

_James Larson_
_____
~~United States District Judge~~
XXXXXXXXXXXXXXXXXX

-12-

07-0283 SBA
STIPULATED PROTECTIVE ORDER.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT**

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order ("Order") dated _____, 2007, in *InfoVista S.A. and InfoVista Corp. v. Infovista Technology, Inc.*, Case No. C 07-0283 SBA.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. I further understand that by signing below, I consent to jurisdiction of the United States District Court for the Northern District of California for the purpose of any proceeding to enforce the terms of the Order.

Dated:_____                    _____
                                        (Signature)

-13-